David H. Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KAY LUKE, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| UNITED COLLECTION BUREAU, INC., | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, KAY LUKE, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by Defendant and its agents in their illegal efforts to collect

a consumer debt and jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. Plaintiff KAY LUKE ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant UNITED COLLECTION BUREAU, INC. ("UCB"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. UCB at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to Tempe Emergency Physicians LTD on behalf of Schumacher Clinical Partners (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to UCB for collection, or UCB was employed by the Creditor to collect the Debt.

10. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **UCB Engages in Illegal Collection**

## FACTS

11. On June 29, 2018, Plaintiff was admitted to the hospital due to illness.

12. Plaintiff subsequently underwent hospital and lab testing.

13. Plaintiff was fully covered by both Medicare and Medicaid at the time of admission to the hospital and at all times immediately after his discharge from the hospital.

14. Plaintiff thereafter received dunning notices from the Creditor demanding payment of $52.17 on or about November 17, 2018.

///

15. Plaintiff contacted the Creditor and was advised that the dunning letters were sent in error and to disregard them since the Debt was fully covered and paid by insurance.

16. However, on or about December 12, 2018 and December 20, 2018, UCB attempted to collect a debt allegedly due to Creditor.

17. Plaintiff's health insurance "covered" or paid the entire amount sought by UCB.

18. This complaint results as UCB has persisted in routine collection efforts against Plaintiff arising from medical debts which were simply not owed.

### C. **Plaintiff Suffered Actual Damages**

19. Plaintiff has suffered and continues to suffer actual damages as a result of UCB's unlawful conduct.

20. As a direct consequence of UCB's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### D. **Respondeat Superior Liability**

21. The acts and omissions of UCB, and the other debt collectors employed as agents by UCB who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with

their principal, Defendant UCB.

22. The acts and omissions by UCB and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by UCB in collecting consumer debts.

23. By committing these acts and omissions against Plaintiff, UCB and these other debt collectors were motivated to benefit their principal, Defendant UCB.

24. UCB is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## **COUNT I**
## **VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.**

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive or misleading behavior in connection with the collection of a debt by misrepresenting that it would seek reimbursement from Plaintiff's healthcare providers; and attempting to collect an erroneous amount from Plaintiff.

27. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor.

28. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

29. Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement between Plaintiff and Creditor.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. Plaintiff is entitled to damages as a result of Defendant's violations.

32. Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

///

///

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant awarding Plaintiff:

## **COUNT I.**

## **VIOLATIONS OF 15 U.S.C. § 1692**

1. for actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

///

///

///

///

///

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and

3. for any other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 7, 2019

                                        Respectfully submitted,

                                        By /s/David H. Krieger, Esq.

                                        David H. Krieger, Esq.
                                        Nevada Bar No. 9086
                                        HAINES & KRIEGER, LLC
                                        8985 S. Eastern Avenue, Suite 350
                                        Henderson, Nevada 89123
                                        Phone: (702) 880-5554
                                        FAX: (702) 385-5518
                                        Email: dkrieger@hainesandkrieger.com

                                        Attorney for Plaintiff
                                        *KAY LUKE*